UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIC SAMS, | ) |
| | ) |
| Plaintiff | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| SOUTHWEST CREDIT SYSTEMS, | ) |
| | ) |
| Defendant | ) |
| | ) |

## **COMPLAINT**

ERIC SAMS ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against SOUTHWEST CREDIT SYSTEMS ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Ohio, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Lakewood, Ohio 44107.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and <u>Wenrich v. Cole</u>, U.S. 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a corporation with its principal place of business located at 4120 International Parkway, Ste., Carrolton, Texas 75007.

10. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone.

14. Plaintiff has only used this phone as a cellular telephone.

15. Upon information and belief, Defendant has been calling Plaintiff regarding a personal debt that was incurred for personal, family or household purposes.

16. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly an obligation owed by her, could only have arisen from transaction for personal, family, or household purposes.

17. Beginning in or around April 2016 and continuing thereafter, Defendant called Plaintiff multiple times per day in its attempts to contact an unknown third party named Carlos.

18. Defendant's calls originated from the numbers including, but not limited to, (844) 801-3106. The undersigned has confirmed that this number belongs to Defendant.

19. During this time Defendant placed calls to Plaintiff using an automated telephone dialing system and/or a pre-recorded voice.

20. Plaintiff knew Defendant was calling him using an automated dialing system and/or pre-recorded voice because calls would begin with a pre-recorded message before calls were transferred to collectors.

21. Desiring to stop these repeated calls, Plaintiff spoke with Defendant in April 2016 and informed Defendant that they were calling a wrong number and requested that these collection calls stop immediately.

22. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

23. Defendant heard and acknowledged Plaintiff's request to stop calling by hanging up on him.

24. Rather than restrict calls to Plaintiff's cellular telephone, Defendant continued to call Plaintiff multiple times per day.

25. After Plaintiff's repeated requests to stop calling him were ignored by Defendant, Plaintiff had no other alternative to stop these calls besides downloading an application to his cellular telephone to block calls.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

26. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated §§ 1692d and 1692d(5) when it called Plaintiff's cellular telephone multiples times per day in its attempts to contact an unknown third party and continued to call Plaintiff even after he repeatedly told Defendant they were calling a wrong number and to stop calling him.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

31. Defendant's calls to Plaintiff were not made for emergency purposes, as they were attempting to collect a balance remaining on Plaintiff's account.

32. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ERIC SAMS, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

     d.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

     e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

     f.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

     g.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

     h.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ERIC SAMS, demands a jury trial in this case.

                              RESPECTFULLY SUBMITTED,

Date: December 2, 2016        By: /s/ Amy L. Bennecoff Ginsburg
                                        Amy L. Bennecoff Ginsburg
                                        Kimmel & Silverman, P.C
                                        30 East Butler Pike
                                        Ambler, PA 19002
                                        Telephone: (215) 540-8888
                                        Facsimile (215) 540-8817
                                        Email: aginsburg@creditlaw.com
                                        Attorney for Plaintiff